LAWRENCE G. TOWNSEND, ESQ. (S.B.N. 88184)
LINDA JOY KATTWINKEL, ESQ. (S.B.N. 164283)
OWEN, WICKERSHAM & ERICKSON, P.C.
455 Market Street, Suite 1910
San Francisco, CA  94105
Telephone: 415-882-3200
Telecopier: 415-882-3232
ltownsend@owe.com
ljk@owe.com

Attorneys for Plaintiff,
Craig Frazier Design, Inc.
dba Craig Frazier Studio

ORIGINAL
FILED

MAR 15 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEJ

CRAIG FRAZIER DESIGN, INC., a
California Corporation, dba CRAIG
FRAZIER STUDIO,

Plaintiff,

vs.

THE ZIMMERMAN AGENCY, LLC, a
Delaware company, AMERICAN FAMILY
LIFE ASSURANCE COMPANY, INC.,
a.k.a AFLAC, a Georgia corporation, and
DOES 1- 10,

Defendants.
_____/

Civil Action No.   C V   10   1094

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES FOR:
(1)    Federal Copyright Infringement;
(2)    Breach of Contract Under California
       Law
(3)    Fraud and Deceit Under California Law
(4)    Unfair and Fraudulent Business
       Practices Under California Law

Demand for Jury Trial

Plaintiff Craig Frazier Design, Inc. dba Craig Frazier Studio for its complaint against

Defendants The Zimmerman Agency, LLC, American Family Life Assurance Company, Inc., and

Does 1-10, alleges as follows:

## NATURE OF THE ACTION

1.   This is an action to redress violations of the federal copyright laws, 17 U.S.C.

§ 501, *et seq.*, and breach of contract, fraud and deceit, and unfair and fraudulent business

practices under California state law, as the result of willful and unauthorized use by Defendants

of Plaintiff's contractual work product and copyrighted expression, as more fully set forth

1   hereinafter.   Plaintiff seeks injunctive relief restraining infringement by Defendants of Plaintiff's

2   copyrights, damages as the direct and proximate result thereof, damages for breach of contract

3   and unfair and fraudulent business practices, and related relief.

4                                              **THE PARTIES**

5           2..   Plaintiff Craig Frazier Design, Inc., dba Craig Frazier Studio, is a corporation

6   organized and existing under the laws of the state of California, with its principal place of

7   business located at 90 Throckmorton Suite 28, Mill Valley, California 94941. Plaintiff Craig

8   Frazier Design, Inc. is the sole entity providing the illustration and design services of its principal

9   and sole owner, Craig Frazier, and has sole and exclusive rights to exploit the copyrights and

10  other intellectual property comprising Mr. Frazier's illustrations and work product.

11          3.   Upon information and belief, Defendant The Zimmerman Agency, LLC

12  ("Zimmerman") is a limited liability company organized and existing under the laws of the State

13  of Delaware, with its principal place of business at 1821 Miccosukee Commons Drive,

14  Tallahassee, Florida 32308.  Plaintiff is further informed and believes that Zimmerman regularly

15  does business with clients located in California and/or whose products or services are regularly

16  offered or sold in the state of California, including the counties of Alameda, Marin, San

17  Francisco, San Mateo, and Santa Clara in the Northern District of California.

18          4.   Upon information and belief, Defendant American Family Life Assurance Company,

19  Inc. ("Aflac") is a corporation organized and existing under the laws of the State of Georgia with

20  a principal place of business at 1932 Wynton Road, Columbus, Georgia 31999.  Plaintiff is

21  further informed and believes that Aflac regularly does business in all fifty states of the United

22  States, including California, and in U.S. territories.  Aflac regularly does business with California

23  residents in the Northern District of California through its numerous agents with offices in the

24  counties of Alameda, Santa Clara, San Francisco, San Mateo and Sonoma.

25          5.   Plaintiff does not know the true names of the individuals, corporations, partnerships

26  or other entities sued and identified herein as Does 1 through 10.  Plaintiff alleges that said

27  Defendants are liable to Plaintiff under the claims for relief set forth below, and requests leave of

28

this Court to amend this Complaint when the true names of said Defendants are discovered.

**JURISDICTION AND VENUE**

6.  This Court has subject matter jurisdiction over Plaintiff's claims under and pursuant to 28 U.S.C. §§ 1331 and 1338.  This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.  Venue in the Northern District of California is proper pursuant to 28 U.S.C.§ 1391(b), § 1392 and § 1400(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and continues to occur in the Northern District of California, and Defendants and/or their agents reside or may be found in the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

8.  Intradistrict assignment is appropriate under Civil Local Rule 3-2(c) because this is an Intellectual Property Action.

**ALLEGATIONS COMMON TO ALL COUNTS**

A.   **Plaintiff's Craig Frazier Illustration Services**

9.  Plaintiff's principal and sole owner Craig Frazier is one of the most prominent illustrators working in the design and advertising industry today.  Craig Frazier's success as an illustrator is due to the strong and distinctively graphic style that has characterized his artwork for over twenty-nine years.

10.   Plaintiff maintains several websites where Craig Frazier illustrations can be viewed, including, e.g., <www.craigfrazier.com>.  In June 2003 Plaintiff published a 176 page monograph of Craig Frazier's work entitled *The Illustrated Voice,* which contains over 300 Craig Frazier illustrations and sketches, and is available at bookstores and book retailers online.

11.  Craig Frazier illustrations are regularly commissioned from Plaintiff for major national corporations such as Adobe, Bechtel, Navigant Consulting, the US Postal Service, CitiGroup, Scudder, MasterCard, Boeing, Herman Miller, Deloitte, and Chevrolet.  Craig Frazier illustrations appear with great frequency on covers and pages of publications such as *Harvard Business Review, Time, Business Week, The Wall Street Journal, Kiplingers, Forbes, The New*

1  *York Times, Fast Company*, and United Airline's *Hemispheres* magazine.

2      12.   Since at least as early as 1996, Craig Frazier illustrations have been consistently

3  recognized for their excellence in design industry publications and award annuals such as

4  *Communication Arts, Graphis, Critique*, the *Society of Illustrators*, and *American Illustration*.   In

5  the past fifteen years, Craig Frazier illustrations have been selected and featured regularly in

6  award annuals, including the cover of *The Society of Illustrators Annual 42* in 2000.

7      13.   Plaintiff is the exclusive source of genuine illustration and licensing services for

8  Craig Frazier illustrations.

9  **B.      The Aflac Campaign**

10     14.   On information and belief, in or about August 2009, Zimmerman presented the

11 initial idea for its proposed "You Don't Know Quack" advertising campaign (the "Aflac

12 Campaign") to Aflac executives by showing a series of preliminary mock-ups created by

13 Zimmerman employee Erich Stefanovich ("Stefanovich's Comps"), which featured

14 representations of Aflac's signature duck in flat colors.   Aflac liked the concept, but wanted to

15 see further development of an illustrated style for the proposed iconic duck.

16     15.   On September 3, 2009, Zimmerman contacted Plaintiff by email to inquire if Craig

17 Frazier would be interested in creating "exploratory" illustrations of ducks for the Aflac

18 Campaign - to give the duck "his style and bring it to life and perhaps come up with a few ideas

19 to add to it."   True and correct copies of that email and four images that were attached to it

20 comprise Exhibit 1. During subsequent correspondence and phone calls, Zimmerman explained

21 that Aflac had asked Zimmerman and other third party agencies to make proposals, and that

22 Zimmerman had not yet been hired by Aflac for this work.   Zimmerman further explained that

23 Zimmerman's Aflac Campaign would be an extensive branding effort in print and multimedia,

24 including animated advertisements featuring an illustrated duck.   Zimmerman asked Frazier to

25 create exploratory illustrations showing Frazier's proposed stylistic direction for the new

26 illustrated duck icon. Frazier's illustrations would then be incorporated in Zimmerman's

27 subsequent presentations to Aflac.

28

1    16.   On information and belief, Zimmerman approached Plaintiff to work on the Aflac

2    illustrated duck because Zimmerman was familiar with Frazier's distinctively graphic illustration

3    style, and Zimmerman believed that, given Frazier's illustration skills and expertise, Frazier

4    would establish an illustrated style for the duck that would please Aflac, and help Zimmerman

5    get the contract from Aflac to go forward with the proposed Aflac Campaign.

6    17.   On September 4, 2009, the parties agreed that Frazier would create the exploratory

7    illustrations.  It was understood that the exploratory illustrations would establish a stylistic

8    direction for the duck icon, which, if approved by Aflac, would be utilized in additional

9    illustrations showing the duck in additional poses.  It was further agreed that if Aflac contracted

10   with Zimmerman to do the Aflac Campaign based on Frazier's work, Frazier would be hired to

11   create the final illustrations for the Aflac Campaign. This agreement was reflected in a written

12   document entitled "Agreement" issued by Craig Frazier Studio and signed by Zimmerman's

13   representative on Friday, September 4, 2009, and a Zimmerman document entitled "Purchase

14   Order," also dated September 4, 2009, which both recited that Frazier would create three tiers of

15   exploratory  illustrations "for presentation only" with "no licensing/usage rights attached," for a

16   total fee of $4,000.  The Craig Frazier Studio Agreement also states "Any final execution of two

17   (or more) of illustrations presented as final art will be done by Craig Frazier, after a separate

18   agreement is in place for the licensing rights, terms and conditions and fees."  True and correct

19   copies of the Craig Frazier Agreement and Zimmerman Purchase Order are attached as Exhibit 2

20   hereto.

21   18.   Zimmerman provided Plaintiff with Stefanovich's Comps for the Aflac Campaign,

22   in which the ducks were crudely drawn in two flat colors (white body and orange beak) without

23   shading or three-dimensional rendering, and reference files showing previous renditions of the

24   Aflac duck, which were realistically rendered.  True and correct copies of Stanovich's Comps

25   and the reference files of previous Aflac ducks are attached hereto as Exhibit 3.

26   19.   Frazier worked on his exploratory illustrations over the weekend, and on Monday,

27   September 7, 2009, Plaintiff sent to Zimmerman digital files for Frazier's preliminary

28

1   illustrations.  Frazier's preliminary illustrations proposed a stylistic direction for the duck which

2   utilized more refined drawing of the contours of the duck's body and beak, and additional flat

3   colors to suggest shadows and create a more rendered and dimensional duck (the "Shadowed

4   Direction").  Frazier's preliminary illustrations showed four variations of expression to

5   exemplify the Shadowed Direction concept.  The first expression of the Shadowed Direction,

6   which Frazier labeled "super simple" in these files, incorporated a more definitively sculpted

7   duck than shown in Stefanovich's Comps, and utilized one additional color and level of detail to

8   delineate the duck's beak—particularly when it is open.  The next expression, labeled "hand-cut

9   looser style," elaborated on the super simple style by adding eyes, incorporating a third darker

10  shade of color for the duck's beak, and sometimes including a shade of gray to suggest

11  dimensionality of the duck's body. Frazier also proposed variations of the Shadowed Direction

12  called "stylized and iconic" for large scale applications, and finally, showed examples of full-

13  bodied ducks in scenario illustrations and animations.  True and correct copies of Plaintiff's

14  September 7 submissions are attached hereto as Exhibit 4.

15        20.   On September 8, 2009, Plaintiff provided to Zimmerman additional digital files of

16  illustrations based on the Shadowed Direction.  True and correct copies of Plaintiff's September

17  8 submissions are attached hereto as Exhibit 5.

18        21.   Zimmerman paid Plaintiff a total of $4,000 in two equal installments.  The first

19  installment payment was made on or about October 9, 2009. The second payment was made on

20  October 13, 2009.

21        22.   Stefanovich told Plaintiff he was pleased with Frazier's work and would present

22  Frazier's illustrations to Aflac. Stefanovich further disclosed that the Aflac Campaign would

23  likely include national print ads, web, internal and possibly animated television advertisements. It

24  was understood that Frazier would be the illustrator for the entire Aflac Campaign if

25  Zimmerman's pitch to Aflac utilizing the Shadowed Direction was successful.

26        23.   On information and belief, Zimmerman made a presentation to Aflac using

27  presentation comps featuring illustrations based on Frazier's Shadowed Direction on or about

28

1   September 14, 2009.  Plaintiff made repeated requests to see the presentation comps.  On

2   October 1, 2009, Zimmerman finally forwarded to Plaintiff copies of what Zimmerman

3   represented to Plaintiff constituted the presentation comps utilizing Frazier's illustrations for the

4   Aflac Campaign which Zimmerman had shown to Aflac (the "Frazier Comps").  True and correct

5   copies of the Frazier Comps are attached hereto as Exhibit 6.

6          24.   Zimmerman suggested to Plaintiff that Aflac was made aware of Craig Frazier's

7   style and reputation, and that Aflac was told by Zimmerman that Frazier would be the illustrator

8   for the Aflac Campaign if Aflac approved Frazier's direction.  On information and belief,

9   Zimmerman traded on the national reputation of Frazier in making its presentations to Aflac.

10         25.   On or about October 5, 2009, Plaintiff spoke with Stefanovich about the September

11  14 presentation to Aflac.  Stefanovich said the presentation went well, they were "almost there,"

12  and he wanted to see if Frazier could simplify the duck further. Stefanovich said he wanted the

13  illustrations to be less detailed and more iconic. Frazier suggested using only one shadow color

14  in the bill instead of two.  Stefanovich said he knew this was beyond the initial contract with

15  Plaintiff, but asked if Frazier could put in a little more work, that they were very close to getting

16  Aflac's approval for Frazier's illustrations.  Frazier agreed to develop more simplified

17  illustrations.  Stefanovich knew the only reason Frazier agreed to put in this additional work

18  without compensation was to help Zimmerman get the Aflac contract and for Plaintiff to be hired

19  to do the final illustrations for the Aflac Campaign.

20         26.   In an email on October 6, 2009, Plaintiff provided additional illustrations to

21  Stefanovich which Frazier labeled "Modified (simplified illustrations)" which combined

22  attributes of Frazier's original "super simple" and "stylized and iconic" expressions of the

23  Shadowed Direction.  Frazier asked Stefanovich to confirm that this Modified style was in the

24  right direction to gain Aflac's approval, so that Frazier could work on more presentation

25  illustrations in that style.  Zimmerman replied "overall, in the right direction."  On October 8,

26  2009, Plaintiff provided some additional presentation illustrations, which, like those provided on

27  October 6, represented additional variations on his original "super simple" and "modified and

28

1   iconic" expressions of the Shadowed Direction.  True and correct copies of the Modified

2   (simplified illustrations) provided to Zimmerman on October 6 and October 8 are attached hereto

3   as Exhibit 7.

4        27.   In reliance on the understanding that Plaintiff would provide final illustrations for

5   the Aflac Campaign if Aflac hired Zimmerman to do the campaign using Frazier's Shadowed

6   Direction, Frazier worked well beyond the requirements of the Craig Frazier Studio Agreement

7   and Zimmerman Purchase Order to create the presentation illustrations in a good faith effort to

8   help Zimmerman sell the campaign to Aflac. Frazier created additional refinements to his initial

9   illustrations, at no additional charge, in response to Zimmerman's representation that Aflac was

10  very close to buying the campaign. Frazier created a total of 24 presentation illustrations for

11  Zimmerman's Aflac Campaign, as shown in Exhibits 4, 5 and 7 hereto (collectively, the "Frazier

12  Illustrations").

13       28.   On or about October 15, 2009, Zimmerman asked Plaintiff to quote a price for

14  creating the final illustrations for the Aflac Campaign. Based on the planned scope of the Aflac

15  Campaign, Plaintiff provided an estimate of $250,000 for creating ten final illustrations for a

16  two-year period of unlimited usage, with $100,000 for each additional year of unlimited usage.

17  Zimmerman countered that Aflac's budget was $100,000.  Plaintiff offered a fee of $125,000 for

18  ten illustrations with unlimited usage for one year.  Zimmerman countered with $100,000 for 10

19  final illustrations, with unlimited usage, except television, for one year, and on October 19, 2009,

20  Plaintiff agreed to significantly lower his normal price by accepting that offer.

21       29.   On October 21, 2009, Zimmerman sent an email to Plaintiff stating that "The client

22  [Aflac] decided to go in a different direction from Craig's with the illustrations." There was no

23  further explanation from Zimmerman.

24       30.   On or about January 6, 2010, the Aflac "You Don't Know Quack" Campaign

25  launched with print advertisements in the New York Times, The Wall Street Journal, and USA

26  Today using illustrations that closely mimic the Frazier Illustrations and utilize Frazier's

27  Shadowed Direction. Similar illustrations replicating the Frazier Illustrations and/or based on the

28

1    Shadowed Direction have since appeared and continue to appear on billboards, including in Los

2    Angeles and New York, and online advertisements.  Both Zimmerman and Aflac issued press

3    releases about the Aflac Campaign, which resulted in various news media about the Aflac

4    Campaign in national publications, including a New York Times article accrediting Zimmerman

5    for the Aflac Campaign.  The Aflac Campaign is also featured on the The Zimmerman Agency

6    website. True and correct images of the Aflac Campaign advertisements (the "Aflac Ads") are

7    attached hereto as Exhibit 8.

8         31.   Upon seeing the Aflac Ads, Plaintiff, through its counsel, sent a letter to Zimmerman

9    raising claims of copyright infringement, breach of contract and unfair competition.  Zimmerman

10   responded by filing a complaint against Plaintiff for declaratory relief in the Northern District of

11   Florida (the "Florida Complaint"), which was sent to Plaintiff's counsel along with a cover letter

12   from Zimmerman's counsel (the "Cover Letter").  The cover letter included a "non-negotiable"

13   settlement demand. True and correct copies of the Cover Letter, with the settlement demand

14   redacted, and Florida Complaint are attached hereto as Exhibit 9.

15        32.   The courts of Florida do not have personal jurisdiction over Plaintiff, and Plaintiff is

16   seeking dismissal of the Florida action on that basis.

17        33.   In the Cover Letter and Florida Complaint, Zimmerman  now alleges that, after its

18   initial meeting with Aflac in August, Zimmerman had contacted several artists in addition to

19   Plaintiff about creating exploratory illustrations for the Aflac Campaign.  Zimmerman further

20   alleges that it hired at least one other outside artist, and utilized two Zimmerman employees,

21   including Justin Shirley, to submit exploratory illustrations.

22        34.   Zimmerman further alleges that Justin Shirley created alternative presentation comps

23   for the Aflac Campaign, independently and contemporaneously with the work performed by

24   Frazier.  Zimmerman has identified Justin Shirley in the press as the in-house

25   "illustrator/designer" for the Aflac Campaign. Copies of the presentation comps Zimmerman

26   claims were created by Shirley (the "Shirley Comps") comprise Exhibit E of the Florida

27   Complaint (Exhibit 9 hereto).

28

35.   Zimmerman further alleges that the Shirley Comps were presented in the second meeting with Aflac (which occurred, on information and belief, on or about September 14, 2009), alongside multiple illustrations from several prospective artists, including unspecified Frazier illustrations, that Aflac preferred the Shirley Comps, and Aflac instructed Zimmerman to proceed with the Aflac Campaign based on the Shirley Comps.

36.   Zimmerman further alleges that it is Shirley's work that is being used in the Aflac Campaign, but has not alleged any facts regarding the circumstances surrounding creation of the final images for the Aflac Ads.  The Florida Complaint does not include copies of the final Aflac Ads. The Florida Complaint omits reference to or copies of relevant Frazier Illustrations, including Frazier's Modified illustrations and the Frazier Comps.

37.   On information and belief, and as demonstrated by visual comparison of the respective images, the Shirley Comps were based on, and copied from, the Shadowed Direction and Frazier Illustrations.

38.   On information and belief, and as demonstrated by visual comparison of the respective images, the final illustrations of ducks appearing in the Aflac Ads were based on, and copied from, the Shadowed Direction and Frazier Illustrations.  Examples comparing the similarity of Frazier Illustrations and the final Aflac illustrations are attached hereto as Exhibit 10.

39.   Plaintiff's Shadowed Direction concept was a significant departure from Stefanovich's Comps.  Stefanovich's Comps are more crudely drawn, and utilize only one flat color for the ducks' bodies and beaks.  Plaintiff's Shadowed Direction was first shown to Zimmerman on or about September 7, 2009.  On information and belief, Frazier's Shadowed Direction thereafter became the core direction of Zimmerman's subsequent presentation(s) to Aflac, including the September 14 presentation (collectively, the "Subsequent Presentation(s)"), as shown in the Frazier Comps and/or the Shirley Comps.

40.   On information and belief, Frazier's contribution of the Shadowed Direction and the Frazier Illustrations to Zimmerman's Subsequent Presentation(s) was critical to the success of

1  Zimmerman's pitch and Aflac's decision to hire Zimmerman to go forward with the Aflac

2  Campaign.

3      41. On information and belief, Frazier's Shadowed Direction and the copies of the

4  Frazier Illustrations utilized in the Aflac Ads contribute significantly to the success of the Aflac

5  Campaign and the successful rebranding of the Aflac duck as an illustrated icon.

6      42. Upon information and belief, Defendants plan to continue their unauthorized

7  copying and use of the Shadowed Direction and the Frazier Illustrations, and unless restrained by

8  this court, will continue to extensively publish and distribute their unauthorized copies thereof

9  throughout the United States.

10                                  **FIRST CLAIM FOR RELIEF**

11         **Federal Copyright Infringement Under 17 U.S.C. §101 et seq.**

12      43. Plaintiff restates and reavers the allegations of paragraphs 1 through 42, inclusive.

13      44. The Frazier Illustrations constitute original works of authorship created by Plaintiff's

14  principal and sole owner Craig Frazier.

15      45. Craig Frazier owns valid U.S. Copyright Registration Nos. Vau 1-008-885 and Vau

16  1-008-998 for his original authorship comprising Frazier Illustrations. True and correct copies of

17  the registration certificates comprise Exhibit 11.

18      46. At all times relevant hereto, Plaintiff has been and still is the exclusive licensee of

19  Craig Frazier, with the sole authority to exploit and sublicense the Frazier Illustrations, and has

20  standing to assert claims of copyright infringement.

21      47. The Frazier Illustrations constitute copyrightable subject matter under the laws of the

22  United States.

23      48. Neither Plaintiff nor Craig Frazier has conveyed any copyright interest in the Frazier

24  Illustrations to Defendants.

25      49. Defendants had access to the Frazier Illustrations, which were provided directly to

26  Zimmerman as set forth above.

27      50. The images comprising the Aflac Ads are strikingly and/or substantially similar

28

copies of the Frazier Illustrations, and their creation, display, offering for distribution, distribution and sale by Defendants constitute willful and unauthorized distribution, copying and misappropriation of substantial or entire portions of the expression contained in, and original to, the Frazier Illustrations.

51.   Upon information and belief, Defendants intentionally and willfully created copies of the Frazier Illustrations, and prepared derivative works based on the Frazier Illustrations, and published, marketed, sold, and/or distributed materials bearing such copies of, and derivative works based on, the Frazier Illustrations, without authority of Plaintiff or its agents.

52.   Defendants and each of them have induced, caused or materially contributed to the infringing acts alleged herein and are each liable to Plaintiff for direct, contributory or vicarious copyright infringement, or inducing the same.

53.   Defendants and each of them have benefitted economically in the form of continued and increased revenues and enhanced reputation from the promotion and sale of the infringements alleged herein.

54.   As a direct and proximate result of Defendants' willfully infringing acts, contributory infringements and vicarious infringements, Plaintiff has been and continues to be damaged in an amount to be ascertained, but believed to be in excess of $450,000.

55.   Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**Breach of Contract Under California Law**

**Cal. Civ. Code §§ 1549 et seq, 3300**

56.   Plaintiff restates and reaver the allegations of Paragraphs 1 through 55, inclusive.

57.   Pursuant to the oral and written communications between Zimmerman and Plaintiff as set forth above, the parties entered into a binding contract under which Plaintiff agreed to provide an illustrated style concept and exploratory illustrations for the Aflac Campaign, in exchange for monetary compensation of $4,000, and in exchange for, and conditioned upon, the promise that if Zimmerman was hired to do the Aflac Campaign based on Frazier's work,

1   Plaintiff would be hired to create the final illustrations (the "Contract").  Further, under the

2   Contract Plaintiff's illustrations were created for the Aflac presentation only, and Zimmerman

3   agreed not to use Frazier's work product or illustrations in any other way.

4        58.   Plaintiff would not have entered into the Contract absent the promises and condition

5   that Zimmerman received no usage or licensing rights other than for presentation, and on the

6   further condition that Plaintiff would be hired to create any final illustrations based on Frazier's

7   contractual work product.

8        59.   Plaintiff fully performed all of its obligations under the Contract by having Frazier

9   develop and deliver to Zimmerman the Shadowed Direction (the stylistic concept for the

10  illustrations) and numerous Frazier Illustrations comprising copyrighted expressions of the

11  Shadowed Direction to Zimmerman.

12       60.   Zimmerman used the Shadowed Direction stylistic concept and the Frazier

13  Illustrations in its Subsequent Presentations, including without limitation, by showing the Shirley

14  Comps. As a result of the Subsequent Presentations, Aflac awarded to Zimmerman the contract

15  to go forward with the Aflac Campaign, based on the Shadowed Direction and/or Frazier

16  Illustrations, and/or the national reputation and prominence of Frazier touted by Zimmerman to

17  Aflac in the course of the presentations.  Zimmerman then breached the Contract by having

18  another artist create final illustrations for the Aflac Campaign, which final illustrations used the

19  Shadowed Direction stylistic concept and copies of, and derivative works based on, the Frazier

20  Illustrations.

21       61.   Zimmerman has obtained gains, profits, and advantages as a result of the wrongful

22  acts set forth above.

23       62.   As a direct and proximate result thereof, Plaintiff has been and continues to be

24  damaged in an amount to be ascertained, but believed to be in excess of $450,000.

25                         **THIRD CLAIM FOR RELIEF**

26       **Fraud and Deceit Under Cal. Civ. Code §§ 1572 et seq., 1709 et seq.**

27       63.   Plaintiff restates and reavers the allegations of paragraphs 1 through 62, inclusive.

28

64. When Zimmerman entered into the Contract with Plaintiff, Zimmerman did not advise Plaintiff that Zimmerman employees would also be creating exploratory illustrations to be presented to Aflac along with Frazier's work (the "Zimmerman Omission").

65. As a matter of industry custom and practice, advertising agencies do not hire independent contractor illustrators to compete for illustration assignments with the agency's own employees, and independent contractor illustrators do not agree to provide illustrations services in competition with those of the agency's in-house employees.

66. Zimmerman knew that if Plaintiff had been advised that Zimmerman employees would be creating alternate presentation illustrations for the Aflac Campaign, Plaintiff would not have agreed to do the exploratory illustrations.

67. Plaintiff relied on the Zimmerman Omission when it agreed to do the exploratory illustrations. Plaintiff would not have agreed to do the exploratory illustrations if it had known about the Zimmerman Omission.

68. Plaintiff provided the initial exploratory Frazier Illustrations in reliance upon Zimmerman's repeated indications that if Aflac contracted with Zimmerman to do the Aflac Campaign based on the Shadowed Direction, Frazier would be hired to do the final illustrations for the Aflac Campaign (the "Hiring Promise").

69. Zimmerman knew that Plaintiff relied upon the Hiring Promise as a condition for Plaintiff to enter into the Contract.

70. Plaintiff provided additional illustration services, resulting in the additional Frazier Illustrations in the Modified style, without charging additional fees to do so, in reliance upon Zimmerman's statements that Aflac was close to awarding the Aflac contract to Zimmerman, that Aflac would award the contract to Zimmerman if Frazier would create additional illustrations featuring a more simplified duck, and  that if Aflac contracted with Zimmerman to do the Aflac Campaign based on the Shadowed Direction, Frazier would be hired to do the final illustrations for the Aflac Campaign (the "Inducement Promise").

71. Zimmerman knew that Plaintiff relied upon the Inducement Promise as further

1   incentive for Plaintiff to provide additional illustration services beyond the scope of the Contract

2   without additional compensation.

3       72.   Zimmerman now alleges that as a result of the Subsequent Presentations, Aflac

4   instructed Zimmerman to go forward with illustrations for the Aflac Campaign based on the

5   Shirley Comps.  Zimmerman knew that a Zimmerman employee would create the final

6   illustrations for the Aflac Campaign. Nevertheless, Zimmerman repeated the Hiring Promise and

7   made the Inducement Promise to Plaintiff thereafter without any intention of hiring Plaintiff to

8   create the final Aflac illustrations.  Rather, Zimmerman repeated the Hiring Promise and made

9   the Inducement Promise to Plaintiff with the intention to induce Plaintiff to provide additional

10  illustration services, namely, to develop the Modified style illustrations, without charging

11  additional illustration fees.  Zimmerman intended to have its own employee copy such additional

12  Frazier Modified illustrations to create the final illustrations for the Aflac Campaign.

13      73.   Zimmerman's own employee created the final illustrations for the Aflac Ads based

14  on Frazier's Shadowed Direction and the Frazier Illustrations, including the Modified style

15  illustrations.  On information and belief, Zimmerman intended to have its own employee create

16  the final illustrations for the Aflac Ads, and did so, in order to receive the benefit of Frazier's

17  skill and expertise in providing additional illustration services, and to copy the resulting

18  Modified style illustrations created by Frazier, without compensating Plaintiff therefor; to avoid

19  paying Plaintiff additional fees to create the final illustrations; and so that Zimmerman instead

20  would retain payment from Aflac for the final illustration services.

21      74.   Continuing its pattern and practice of fraudulent misrepresentations, Zimmerman

22  negotiated with Plaintiff regarding fees for Plaintiff to provide the final illustration services

23  knowing that Zimmerman instead intended to have its own employee create the final illustrations

24  for the Aflac Ads.

25      75.   On October 21, 2009, when Zimmerman informed Plaintiff that Aflac had decided to

26  go with a "different direction" than Frazier's illustrations, Zimmerman knew that said statement

27  was false.  Zimmerman knew that Aflac had actually chosen the "simpler style" of the Shadowed

28

1   Direction that Frazier had developed, as shown in the Shirley Comps and/or the Frazier Comps.

2   Zimmerman made the "different direction" statement to Plaintiff with the intention to avoid

3   paying Plaintiff to create the final illustrations, and so that Zimmerman instead would retain

4   payment from Aflac for the final illustration services.

5       76.   Plaintiff believed and relied upon Zimmerman's assertion that Aflac had rejected the

6   Shadowed Direction, and was deceived into accepting this rationale for Plaintiff not receiving the

7   commission for the final Aflac illustrations or any other compensation for Plaintiff's additional

8   illustration services and the Modified style illustrations.

9       77.   Zimmerman has obtained gains, profits, and advantages as a result of the wrongful

10  acts set forth above, including unjust enrichment in the amount of fees Frazier would have

11  charged for the additional illustration services; fees received by Zimmerman for creating the final

12  illustrations for the Aflac Ads; and any additional fees received by Zimmerman for creating other

13  aspects of the Aflac Campaign as a result of being awarded such work based on the Shadowed

14  Direction and/or Frazier Illustrations, and/or based on the national reputation and prominence of

15  Frazier touted by Zimmerman to Aflac in the course of the presentations.

16      78.   As a direct and proximate result thereof, Plaintiff has been and continue to be

17  damaged in an amount to be ascertained, but believed to be in excess of $450,000.

18      79.   By engaging in the conduct as herein above alleged, Zimmerman has acted willfully,

19  maliciously, oppressively and fraudulently, and Plaintiff is therefore entitled to exemplary and

20  punitive damages in an amount according to proof.

21                          **FOURTH CLAIM FOR RELIEF**

22  **Unfair and Fraudulent Business Practices Under Cal. Bus. & Prof. Code § 17200 *et seq.***

23      80.   Plaintiff restates and reavers the allegations of paragraphs 1 through 79, inclusive.

24      81.   Defendants' above-averred actions constitute unlawful, unfair, and fraudulent

25  business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

26      82.   As a direct and proximate result thereof, Plaintiff has been and continue to be

27  damaged in an amount to be ascertained, but believed to be in excess of $450,000.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR FEDERAL COPYRIGHT INFRINGEMENT, ETC.    -16-

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.      That Defendants, Defendants' agents, employees, and licensees, and all persons or entities in active concert or participation with any of them who receive notice of the Court's Order, be preliminarily and permanently enjoined from:

      A.      Engaging in, or causing or inducing others to engage in, the creation, publication, display, marketing, promotion, advertising, distribution and/or other exploitation of any materials that incorporate, reflect, or contain the Frazier Illustrations or any portion thereof, and/or that incorporate the Shadowed Direction, including without limitation the final illustrations incorporated into the Aflac Ads ("Infringing Materials");

      B.      Otherwise infringing any of Plaintiff's copyrights; and

      C.      Otherwise using or exploiting any of Plaintiff's work product.

2.      That Defendants, their agents, employees, and licensees, and all those acting under its direction and pursuant to its control, be directed to deliver up for destruction all Infringing Materials, and other matter employed in the creation, distribution and sale of Infringing Materials.

4.      That Defendants be required to pay Plaintiff:

      A.      Any and all profits made by Defendants as a result of the aforesaid infringement, breach of contract, fraud and deceit, and unfair and fraudulent business practices, together with interest thereupon in an amount presently unknown;

      B.      Plaintiff's damages as a result of the aforesaid infringement, breach of contract, fraud and deceit, and unfair and fraudulent business practices, including the amount of payment Plaintiff would have received for creating the final illustrations for the Aflac Ads, and the amount of payment Plaintiff woudl have received for creating any additional illustrations, animations, or other work product comprising the Aflac Campaign, in an amount presently unknown but believed to be in excess of $450,000, together with interest;

      C.      Statutory damages in the amount of $150,000 per copyright infringement, the maximum allowable as provided under and pursuant to 17 U.S.C. § 504( c), as amended; and

D.      Punitive and exemplary damages in an amount as this Court shall deem just and proper, pursuant to Cal. Civ. Code § 3294(a).

5.      That Defendants be required to pay Plaintiff's costs of this action, together with Plaintiff's reasonable attorneys' fees, under 17 U.S.C. § 505.

6.      That the Court award Plaintiff such other and further relief as this Court shall deem just and proper.


OWEN, WICKERSHAM & ERICKSON, P.C.


Dated: _3/15/2010_          By _____
                                Lawrence G. Townsend
                                Linda Joy Kattwinkel
                                Attorneys For Plaintiff,
                                Craig Frazier Design, Inc.
                                dba Craig Frazier Studio


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of all issues in the above-captioned action which are triable to a jury.


OWEN, WICKERSHAM & ERICKSON, P.C.


Dated: _3/15/2010_          By _____
                                Lawrence G. Townsend
                                Linda Joy Kattwinkel

                                Attorneys For Plaintiff
                                Craig Frazier Design, Inc.
                                dba Craig Frazier Studio


S:\1 Clients\crafr\Aflac\70003-N.D.Cal\Complaint-ljk dft3.wpd

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR FEDERAL COPYRIGHT INFRINGEMENT, ETC.      -18-

# Exhibit 1

Zimmerman's September 3, 2009 email to Frazier

**From:** Carol Klopfenstein <cklopfenstein@zimmerman.com>
**Date:** Thursday, September 3, 2009 1:27 PM
**To:** joni@craigfrazier.com
**Subject:** Inquiries

Attachments: Duck Art 2.pdf, Duck Art 1.pdf, Duck Art 4.pdf, Duck Art 3.pdf

| | | |
|---|---|---|
| Duck Art 2.pdf | 359 K | Open |
| Duck Art 1.pdf | 358 K | |
| Duck Art 4.pdf | 369 K | Save |
| Duck Art 3.pdf | 350 K | |
| | | Remove |

Hello,

We have a collateral project for our client, Aflac, in which we would like to show their iconic duck as more of a graphic, illustrated element. Please see images attached to get an idea of what the Designer is looking for. We like Craig's work and style and think he would be a good fit for this project. We'd first like to see how he would present or interpret these ideas and make them art - still using the colors we have in our layouts. Not taking a drastic departure from what we have but give it his style and bring it to life and perhaps come up with a few ideas to add to it. Please let me know what the cost would be to get these "exploratory" illustrations completed and what his schedule might be for timing. Please feel free to call and discuss.

Thanks,
Carol Klopfenstein

------------
carol klopfenstein
the/zimmerman/agency
850.668.2222
cklopfenstein@zimmerman.com

---

**From:** Joni Pon <joni@craigfrazier.com>
**Date:** Thursday, September 3, 2009 2:53 PM
**To:** Carol Klopfenstein <cklopfenstein@zimmerman.com>
**Subject:** Re: Inquiries

Carol-
I have just faxed over a signed NDA.
I have a few more questions-
What are the 'ideas' that you trying to convey in the 4 pdf's that you sent?
Are you requesting 4 illustrations to be submitted for this exploratory phase?
How many illustrations are needed for this initial brochure?
Intl distribution? Buy out?
Are you in the office tomorrow?

Thank you-
Joni



# Exhibit 2

Craig Frazier Agreement
Zimmerman Purchase Order

**CRAIG FRAZIER STUDIO** 90 THROCKMORTON AVE #28 MILL VALLEY, CA 94941
(415) 389-1475 PH   (415) 389-1477 fax   joni@craigfrazier.com email

## AGREEMENT

**Date: 9/3/09**

**Project#:** 1198

**Contact:** Carol Klopfenstein, The Zimmerman Agency

**Client:** Aflac

**Job Decription:**
3 tiers of illustrations for exploratory presentation

**Licensing rights:**
The illustrations created are for presentation only- there are no licensing/usage rights attached.

**Terms:**
Craig Frazier retains all exclusive rights, including the original copyrights of the illustrations created. Any final execution of two (or more) of illustrations presented as final art will be done by Craig Frazier, after a separate agreement is in place for the licensing rights, terms and conditions and fees. You agree to not alter the illustrations in anyway.

**Payment Terms:**
This project will commence upon receipt of a signed agreement and a Purchase Order issued that guarantees receipt of the 50% advance payment by 9/9/09. The balance will be invoiced and payable 30 days after the receipt of the illustrations. Failure to make payments as agreed will result in the retraction of all presentation rights.

**Fees: (indicate the number of illustrations)**

____ 3 tiers = $4,000

_____           9/4/09
**Signature**                                      Date
Your signature above signifies your agreement to our fee and to these terms.

If this project is cancelled at any stage, 100% of the total fee is due.



**Purchase Order**

The Zimmerman Agency
1821 Miccosukee Commons
Tallahassee, FL 32308

**TO**
CRAIG FRAZIER STUDIO
Attn: JONI PON
90 THROCKMORTON AVE
#28
MILL VALLEY, CA 94941

| | | |
|---|---|---|
| **Number** | | 22305 |
| **Date** | | 09/04/09 |
| **Ordered by** | | CLK |
| **Due date** | | |
| **Vendor** | | C.FRAZIER |
| **Charge #:** | | 1155 |
| **Date printed** | | 09/04/09 |

| **REVISION:** | Original |
|---|---|

**Rep:** JONI PON
**Phone:** 415-389-1475          **Fax:** 415-389-1477

**Description:**
PLEASE PROCEED WITH 3 TIERED EXPLORATORY ILLUSTRATIONS PER THE DIRECTION YOU
RECEIVED FROM ERICH STEFANOVICH.  ARTWORK IS FOR PRESENTATION ONLY WITH NO
LICENSING/USAGE RIGHTS ATTACHED.
50% DEPOSIT CHECK WILL BE SENT VIA FED EX TO ARRIVE 9/9/09.

| Item Description: | Job: | Amount: |
|---|---|---|
| ILLUSTRATION | AFLAC-885 | $4,000.00 |
| *Client:  AFLAC INC. (AFLAC)* | | |

| | **TOTAL NOT TO EXCEED:** | **$4,000.00** |
|---|---|---|

**Approvals**

_____        _____

Production                                      Date

*DISCLOSED AGENT.  The Zimmerman Agency is acting as an agent on behalf of our client, a disclosed principal, either named hereon or otherwise identified to you. The Zimmerman agency will only be liable for the cost of the goods and services purchased and other obligations to you to the extent we have been paid by our client for any amount payable to you.  For amounts not paid to us by our client, you will seek payment solely from our client (and not from The Zimmerman Agency).   Any terms in your invoices, documents or rate cards to the contrary, and any modifications you make to this form, are of no force or effect.*

# Exhibit 3

Stanovich's Comps
Reference files of previous Aflac ducks















# Exhibit 4

Frazier's September 7 submissions to Zimmerman

1. Super simple





These are a good starting place but don't work as
finished illustrations. The irreverence of the head-
line and the established smarty nature of the duck
aren't reflected in this execution. He needs to still
feel alive which requires more detail.

2. Hand-cut looser style





This style works but will be best for use in full
blown illustrations (see #4) and animations.

3. Stylized and iconic





This style is the most powerful when using just the duck
with the headline/url. It lends itself to tremendous scale
applications and feels like a brand image. The duck can be
executed in several positions.

4. Scenario illustrations



The duck can appear in more typical Frazier scenarios where something is taking place. These also lend themselves to animation. These lend themselves to second generation ads once the 'you don't know quack' campaign is underway.

# Exhibit 5

Frazier's September 8 submissions to Zimmerman











also provided files w/o background color so Zimmerman
could add black and blue



also provided files w/o background color so Zimmerman
could add black and blue



also provided files w/o background color so Zimmerman
could add black and blue



also provided files w/o background color so Zimmerman
could add black and blue































# Exhibit 6

Zimmerman's Frazier Comps











# Exhibit 7

Modified (simplified illustrations)
provided to Zimmerman on October 6 and October 8







# Exhibit 8

Aflac Campaign advertisements (the "Aflac Ads")



Advertisement





Online ads



NYC billboard



Sunset Blvd. CA 1.5.10





Time Square NYC



Aflac campaign / USA Today 1.5.10



Zimmerman website

# Exhibit 9

Zimmerman's Cover Letter
Florida Complaint

# AUSLEY & MCMULLEN

### ATTORNEYS AND COUNSELORS AT LAW

123 SOUTH CALHOUN STREET
P.O. BOX 391 (ZIP 32302)
TALLAHASSEE, FLORIDA 32301
(850) 224-9115  FAX (850) 222-7560

January 27, 2010

**Via Email and U.S. Mail**

Linda Joy Kattwinkel, Esquire
Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor
San Francisco, CA  94105

RE:  The Zimmerman Agency, Inc. vs. Craig Frazier Studio

Dear Ms. Kattwinkel:

I am in receipt of your letter dated January 11, 2010, to
The Zimmerman Agency, LLC ("The Zimmerman Agency").  This law
firm represents The Zimmerman Agency.  First and foremost, The
Zimmerman Agency has neither infringed upon, nor improperly used
any intellectual property of Craig Frazier Studio, nor has The
Zimmerman Agency breached any agreement with the Craig Frazier
Studio.  Your client's version of the events are simply
inaccurate.

The duck illustrations used in the Aflac campaign were
created solely by The Zimmerman Agency.  Your client, Craig
Frazier Studio, was provided conceptual illustrations and asked
to provide his interpretations and/or refinements to The
Zimmerman Agency's existing illustrations for possible use in
the campaign.  Your client was compensated for the illustrations
he provided.  At all times, it was understood by your client
that his illustrations would be competing against the
illustrations of other artists.

Aflac was presented multiple illustrations from several
prospective artists.  Aflac chose the work of another artist.

1/27/2010
Page 2


It is this artist's work that is being used on the Aflac campaign, not your client's work.

The fact that the Aflac campaign illustrations are similar to the Craig Frazier Studio's illustrations is not surprising due to the fact that the artists were all asked to refine and/or interpret the same original conceptual illustrations, which are based upon the Aflac duck.   There are only so many different ways to draw a duck.   Craig Frazier Studio was not the only artist to utilize the duck bill shadowing that you seem to imply that Craig Frazier Studio owns.   Shadowing of a duck bill is not sufficiently original to receive copyright protection. Regardless, Craig Frazier Studio's work was not shown to the artist whose work was ultimately chosen by Aflac.   Craig Frazier Studio's work was deemed too cartoonish by the Aflac team.

The Zimmerman Agency takes your client's accusations of infringement and "unethical" conduct seriously.   In that regard, please find attached a complaint that we have filed in the U.S. District Court for the Northern District of Florida regarding your client's unfounded accusations.   Additionally, please be advised that any false statement made by your client to third parties, or interference with The Zimmerman Agency's business relations, will result in further claims being asserted against it.   The Zimmerman Agency has done nothing wrong and looks forward to being vindicated in this matter.   Please advise if you are authorized to accept service of process on behalf of your client.

Alternatively, if your client does not want to litigate this matter,

1/27/2010
Page 3


     If you have any questions, please feel free to call me at
(850) 425-5497.


                          Sincerely,


                          Ken Abele


KPA/sas
Enclosures
cc:  Curtis Zimmerman (via email w/enclosures)
     Marty Sipple (w/o enclosures)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THE ZIMMERMAN AGENCY, LLC

    Plaintiff,

v.                        Case No.

CRAIG FRAZIER DESIGN, INC.
d/b/a CRAIG FRAZIER STUDIO,

    Defendant.

_____/

## COMPLAINT

    Plaintiff, The Zimmerman Agency, LLC ("Zimmerman"), brings this action against defendant, Craig Frazier Design, Inc. d/b/a Craig Frazier Studio ("Frazier"), and alleges:

### Allegations Common to all Counts

    1.    Zimmerman is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Tallahassee, Florida. The two members of Zimmerman are citizens and residents of Florida and New York, respectively.

    2.    On information and belief, Frazier is a California corporation with its principal place of business in Mill Valley, California.

    3.    Subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. secs. 1331, 1338 and 1367(a) because this case involves one or more claims that arise under the laws of the United States (Copyright Act) and the state law claims are

so related to the federal claims that they form part of the same case or controversy. Jurisdiction also exists pursuant to 28 U.S.C. sec. 1332(a)(1) because this case is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. sec. 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## The Aflac Project

5. Zimmerman is an advertising and marketing agency.

6. In or around July 2009, Aflac, Inc. ("Aflac") requested that Zimmerman propose ideas for a new marketing campaign. Aflac is an insurance company that for several years has used an iconic duck mascot as the centerpiece of its advertising.

7. Zimmerman's personnel in Tallahassee developed a broad concept for a campaign based on the theme "You Don't Know Quack." In connection with this initial concept, one of Zimmerman's Tallahassee employees, Erich Stefanovich, created a series of initial drawings of stylized ducks for use in the campaign. Samples of Mr. Stefanovich's initial drawings are attached as Exhibit A.

8. Zimmerman presented the initial idea for its "You Don't Know Quack" campaign to Aflac executives in or around August 2009. Aflac liked the concept, but requested that Zimmerman "tighten up" the duck drawings.

9. Following the meeting with Aflac, Zimmerman contacted several artists and requested that they submit modified drawings of ducks. Zimmerman provided Mr. Stefanovich's drawings to each artist, and sought ideas for a final "look" to submit to Aflac. It is common in the advertising and marketing industry to solicit such "exploratory" work from various artists.

10. The artists from whom Zimmerman requested drawings included both "in-house" personnel of Zimmerman, and outside artists working as independent contractors. Specifically, two Zimmerman employees, Justin Shirley and Kirstin Robinette, were requested to and provided drawings. In addition, at least two outside artists, Frazier and Paul Oakley, were requested to and submitted drawings. A copy of Zimmerman's email to Frazier requesting illustrations is attached as Exhibit B.

11. Frazier created and submitted his drawings pursuant to a signed Agreement and Purchase Order, copies of which are attached as composite Exhibit C. Under the Agreement, Frazier agreed to provide four or seven illustrations, with the price to depend upon the number of illustrations provided -- $1,500 for four illustrations and $2,000 for seven illustrations.

12. Attached as Exhibit D are the initial set of drawings submitted to Zimmerman by Frazier.

13. Zimmerman paid Frazier in full for the drawings he submitted, pursuant to the terms of the Agreement and Purchase Order.

14. Upon receipt of the work submitted by the various artists, Zimmerman attended another meeting with Aflac at which

3

the drawings submitted by the various artists were presented. The Aflac executives preferred the drawings prepared by one of the Zimmerman employees, Justin Shirley, and instructed Zimmerman to proceed with the campaign using such images. Samples of the illustrations submitted by Mr. Shirley are attached as Exhibit E.

15. Mr. Shirley prepared his drawings in Tallahassee independently and contemporaneously with the work performed by Frazier in California. Mr. Shirley did not copy Frazier's work.

16. On January 11, 2009, Frazier, through his attorney, sent Zimmerman a "cease and desist" letter. A copy of this letter is attached as Exhibit F. In the letter, Frazier asserts that his drawings were used by Zimmerman as the "core direction" of its presentation to Aflac, and that Zimmerman hired an artist to "imitate" his illustrations. Frazier asserts that "[t]he unauthorized use of the Frazier-imitation illustrations for the Aflac campaign constitutes breach of contract under California and Florida laws, copyright infringement under federal law, and unfair competition in violation of federal and state laws." Frazier demands that Zimmerman provide voluminous information and threatens to "disrupt" the ongoing Aflac campaign if Zimmerman does not comply.

17. Frazier's claims are wholly without merit. Even a cursory review of the illustrations submitted by Mr. Frazier and Mr. Shirley, respectively, reveals that Mr. Frazier's bear little, if any, resemblance to the drawings selected by Aflac. Rather, it is clear that the final drawings used in the campaign

4

are essentially a combination of Mr. Stefanovich's initial drawings and Mr. Shirley's modifications. Nevertheless, Frazier's claims have interfered with Zimmerman's business operations and placed Zimmerman in the untenable position of either acceding to Frazier's improper and baseless demands or face the prospect of being sued for what Zimmerman believes was legal and proper conduct.

18. Zimmerman brings this suit seeking a declaration that its actions did not violate any contract with Frazier, did not constitute infringement of any valid and enforceable copyright held by Frazier, and did not otherwise constitute unfair competition under state or federal law.

**Count I:**
**Declaration of No Copyright Infringement**

19. Zimmerman incorporates and realleges as if fully set forth herein paragraphs 1 through 19 of the Complaint.

20. In the cease and desist letter, Frazier asserts that he has filed applications for U.S. copyright registrations with respect to the illustrations submitted to Zimmerman.

21. On information and belief, and based upon the illustrations submitted by Frazier to Zimmerman, Frazier's works lack sufficient originality to be protectable under the United States Copyright Act, 17 U.S.C. sec. 101 *et seq.*, and/or are otherwise not protectable subject matter under the Copyright Act.

22. Alternatively, to the extent any of Frazier's works are copyrightable, neither Mr. Shirley nor anyone else at Zimmerman copied any protectable element of Frazier's works.

23. Accordingly, Zimmerman is entitled to an order declaring that none of the images created or used by Zimmerman in connection with the Aflac campaign infringe any valid and enforceable copyright owned by Frazier.

## Count II:
## Declaration of No Unfair Competition

24. Zimmerman incorporates and realleges as if fully set forth herein paragraphs 1 through 19 of the Complaint.

25. Zimmerman has taken no action, either intentionally or unintentionally, which would support a claim of unfair competition. There is no present or future threat of injury to relevant consumers, nor any diminishment or devaluation of the worth of Frazier's illustrations as a result of any conduct on the part of Zimmerman.

26. Accordingly, Zimmerman is entitled to an order declaring that its acts do not constitute unfair competition under state or federal law.

## Count III:
## Declaration of No Breach of Contract

27. Zimmerman incorporates and realleges as if fully set forth herein paragraphs 1 through 19 of the Complaint.

28. Zimmerman fully paid Frazier for the illustrations provided and did not otherwise breach the Agreement or Purchase Order.

6

## **Prayer for Relief**

Plaintiff, The Zimmerman Agency, LLC, respectfully requests that the Court enter judgment in its favor, and against defendant, as follows:

1. Entering judgment in favor of Zimmerman declaring that it has not infringed any valid and enforceable copyright of defendant;

2. Entering judgment in favor of Zimmerman declaring that it has not engaged in unfair competition under state or federal law;

3. Entering judgment in favor of Zimmerman declaring that it has not breached any contract with defendant;

4. Awarding Zimmerman its reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 17 U.S.C. § 505; and

5. Entering any other further relief, both legal and equitable, as the Court deems just and proper.

                    Respectfully submitted,

                    AUSLEY & McMULLEN, P.A.

                    /s/Kenneth P. Abele
                    Kenneth P. Abele
                    Fla. Bar No. 0254370
                    Martin B. Sipple
                    Fla. Bar No. 0135399
                    123 South Calhoun Street
                    P.O. Box 391 (zip 32302)
                    Tallahassee, Florida 32301
                    (850) 224-9115 – telephone
                    (850) 222-7560 – facsimile

                    Attorneys for Plaintiff

# EXHIBIT

# A











Original

# EXHIBIT

# B

From: Joni Pon <joni@craigfrazier.com>
Subject: **Re: Inquiries**
Date: September 3, 2009 5:53:56 PM EDT
To: Carol Klopfenstein <cklopfenstein@zimmerman.com>
▶ 4 Attachments, 1.0 MB

Carol-
I have just faxed over a signed NDA.
I have a few more questions-
What are the 'ideas' that you trying to convey in the 4 pdf's that you sent?
Are you requesting 4 illustrations to be submitted for this exploratory phase?
How many illustrations are needed for this initial brochure?
Intl distribution? Buy out?
Are you in the office tomorrow?

Thank you-
Joni


On 9/3/09 1:27 PM, "Carol Klopfenstein" <cklopfenstein@zimmerman.com> wrote:

Hello,

We have a collateral project for our client, Aflac, in which we would like to show their iconic duck as more of a graphic, illustrated element. Please see images attached to get an idea of what the Designer is looking for. We like Craig's work and style and think he would be a good fit for this project. We'd first like to see how he would present or interpret these ideas and make them art - still using the colors we have in our layouts. Not taking a drastic departure from what we have but give it his style and bring it to life and perhaps come up with a few ideas to add to it. Please let me know what the cost would be to get these "exploratory" illustrations completed and what his schedule might be for timing. Please feel free to call and discuss.

Thanks,
Carol Klopfenstein

- - - - - - - - - - - -
carol klopfenstein
the/zimmerman/agency
850.668.2222
cklopfenstein@zimmerman.com







# EXHIBIT

# C

**CRAIG FRAZIER STUDIO** 90 THROCKMORTON AVE #28 MILL VALLEY, CA 94941
(415) 389-1475 PH  (415) 389-1477 fax  joni@craigfrazier.com email

## AGREEMENT

**Date: 9/3/09**

**Project#:** 1198

**Contact:** Carol Klopfenstein, The Zimmerman Agency

**Client:** Aflac

**Job Decription:**
4 or 7 original illustrations

**Licensing rights:**
The illustrations created are for presentation only- there are no licensing/usage rights attached.

**Terms:**
Craig Frazier retains all exclusive rights, including the original copyrights of the illustrations created. Any final execution of two (or more) of illustrations presented as final art will be done by Craig Frazier, after a separate agreement is in place for the licensing rights, terms and conditions and fees. You agree to not alter the illustrations in anyway.

**Payment Terms:**
This project will commence upon receipt of a signed agreement and a Purchase Order issued that guarantees receipt of the 50% advance payment by 9/9/09. The balance will be invoiced and payable 30 days after the receipt of the illustrations. Failure to make payments as agreed will result in the retraction of all presentation rights

**Fees: (indicate the number of illustrations)**
\_\_\_ 4 illustrations = $1500
\_\_\_ 7 illustrations = $2000

---
Signature                                                    Date
Your signature above signifies your agreement to our fee and to these terms.

If this project is cancelled at any stage, 100% of the total fee is due.



The Zimmerman Agency
1821 Miccosukee Commons
Tallahassee, FL 32308

**TO**
CRAIG FRAZIER STUDIO
Attn: JONI PON
90 THROCKMORTON AVE
#28
MILL VALLEY, CA 94941

**Rep:**     JONI PON
**Phone:**   415-389-1475     **Fax:**   415-389-1477

# Purchase Order

| | |
|---|---|
| **Number** | 22305 |
| **Date** | 09/04/09 |
| **Ordered by** | CLK |
| **Due date** | |
| **Vendor** | C.FRAZIER |
| **Charge #:** | 1155 |
| **Date printed** | 09/04/09 |

| **REVISION:** | Original |
|---|---|

**Description:**
PLEASE PROCEED WITH 3 TIERED EXPLORATORY ILLUSTRATIONS PER THE DIRECTION YOU
RECEIVED FROM ERICH STEFANOVICH. ARTWORK IS FOR PRESENTATION ONLY WITH NO
LICENSING/USAGE RIGHTS ATTACHED.
50% DEPOSIT CHECK WILL BE SENT VIA FED EX TO ARRIVE 9/9/09.

| Item Description: | Job: | Amount: |
|---|---|---|
| ILLUSTRATION<br>*Client:  AFLAC INC. (AFLAC)* | AFLAC-885 | $4,000.00 |
| | **TOTAL NOT TO EXCEED:** | **$4,000.00** |

**Approvals**

_____          _____
Production                                        Date

*DISCLOSED AGENT  The Zimmerman Agency is acting as an agent on behalf of our client, a disclosed principal, either named hereon or otherwise identified to you.
The Zimmerman agency will only be liable for the cost of the goods and services purchased and other obligations to you to the extent we have been paid by our client for
any amount payable to you  For amounts not paid to us by our client, you will seek payment solely from our client (and not from The Zimmerman Agency).  Any terms in
your invoices, documents or rate cards to the contrary, and any modifications you make to this form, are of no force or effect.*

# EXHIBIT

# D



FRAGILE

# EXHIBIT

# E









Justin Shirley

# EXHIBIT

# F

Owen, Wickersham & Erickson, P.C.
*Intellectual Property Law Since 1933*

455 Market Street, 19th Floor ~ San Francisco, California 94105
415/882-3200

LINDA JOY KATTWINKEL

Fax 415/882-3232
ljk@owe.com

January 11, 2010

*Via email and U.S. Mail*

Curtis Zimmerman      *<curtis@zimmerman.com>*
Erich Stefanovich     *<estefanovich@zimmerman.com>*
Carol Klopfenstein    *<cklopfenstein@zimmerman.com>*

The Zimmerman Agency
1821 Miccosukee Commons
Tallahassee, FL 32308

### Re:    Craig Frazier Studio / Aflac illustrations
   Copyright infringement, unfair competition and breach of contract

Dear Mr. Zimmerman, Mr. Stefanovich, and Ms. Klopfenstein:

We are intellectual property counsel for Craig Frazier dba Craig Frazier Studio. As you know, since September, you were working with Mr. Frazier to develop illustrations for the Aflac "You Don't Know Quack" campaign. The collaboration with Mr. Frazier was done pursuant to a signed agreement with Craig Frazier Studio and a Zimmerman Agency Purchase Order, both dated September 4, 2009, which both explicitly recited that he undertake a 3-tiered exploration creating illustrations "for presentation only" with "no licensing/usage rights attached." The Craig Frazier Studio agreement also explicitly states "Any final execution of two (or more) of illustrations presented as final art will be done by Craig Frazier, after a separate agreement is in place for the licensing rights, terms and conditions and fees."

Mr. Frazier supplied illustrations that specifically followed your direction with two flat colors absent of any shading or detail. Mr. Frazier also proposed a new, less simplistic, direction which incorporated a more elegantly sculpted duck and required additional colors and a level of detail to delineate the duck's beak—particularly when it is open. This 'shadowed' direction created a more 'rendered' and dimensional duck. Mr. Frazier's departure from Zimmerman's initial direction became the core direction of your presentation and all of the subsequent illustrations that Mr. Frazier provided during the collaboration.

The collaboration with Mr. Frazier was undertaken with the explicit understanding, both as set forth in the signed documents and continued conversations with Zimmerman, that if Aflac approved the campaign, Mr. Frazier would be hired to do the illustrations. We understand Aflac was made aware of Mr. Frazier's style and reputation, and was told Frazier would be the illustrator.

In reliance on these representations, Mr. Frazier worked well beyond the requirements of the purchase order to create the presentation illustrations in a good faith effort to help sell the campaign to Aflac. Mr. Frazier created additional refinements to the initial illustrations, at no additional

Owen, Wickersham & Erickson, P.C.
*Intellectual Property Law Since 1933*

The Zimmerman Agency
January 11, 2010
Page -2-

charge, in response to Erich's representation that the client was very close to buying the campaign. In total, Mr. Frazier created 24 various illustrations.

Zimmerman and my client began negotiating pricing and scope of usage for Mr. Frazier's illustrations around October 15. Zimmerman represented that the client had accepted the 'shadowed' illustration direction last proposed and that they had a limited budget of $100,000, instead of Mr. Frazier's estimate of $250,000. Mr. Frazier agreed to significantly lower his normal price by accepting Zimmerman's offer of $100,000 for 10 illustrations, with unlimited usage for one year except television, in order to meet Aflac's budget. A few days later, however, Ms. Klopfenstein sent an email on October 21, 2009, stating that "The client decided to go in a different direction from Craig's with the illustrations."

Mr. Frazier was accordingly quite surprised to discover that the Aflac "You Don't Know Quack" campaign has launched with print advertisements in the New York Times and USA Today using an illustration that closely mimics his 'shadowed' series of presentation illustrations. Similar illustrations replicating Mr. Frazier's 'shadowed' illustrations are appearing on billboards and online advertisements, as well as The Zimmerman Agency website and the January 11 New York Times article. Clearly, Mr. Frazier's contribution to the imagery was critical to the success of Zimmerman's pitch to go forward with this campaign.

Under the explicit terms of the agreements with Zimmerman, Frazier owns exclusive rights to the 'shadowed' direction, and illustrations in that direction cannot legally be created or used without a separate licensing agreement. In addition, Mr. Frazier owns exclusive rights to all of the presentation illustrations under U.S. copyright law. The illustrations are protected by pending applications for U.S. copyright registration, which were filed prior to the launch of this campaign. The unauthorized use of the Frazier-imitation illustrations for the Aflac campaign constitutes breach of contract under California and Florida laws, copyright infringement under federal law, and unfair competition in violation of federal and state laws. *See* 17 USC § 101 et seq; 15 USC § 1125; Cal. Bus. & Prof. Code §§ 1200 et seq; 17500 et seq.

Significant remedies and damages are available to Mr. Frazier for these various infringements. Under contract law, he is entitled to monetary damages in at least the amount of agreed compensation for use of his work. Similarly, as a base amount of damages for copyright infringement and unfair competition, Mr. Frazier is entitled to recover the profits Zimmerman made from the unauthorized commercial exploitation of his work, and the losses that Mr. Frazier has suffered as a result of the infringements. *See* 17 U.S.C. §§ 501-04; 15 U.S.C. §§ 1116-17; Cal. Bus. & Prof. Code §§ 17205 et seq; 17535. Alternatively, Frazier may be awarded up to $150,000 per infringed image for willful copyright infringement, treble damages for willful unfair competition, and attorneys' fees. Finally, Mr. Frazier is also entitled to an immediate injunction prohibiting any further unauthorized use of his illustrations or imitations thereof. *Id.*

Moreover, any person or entity that participates in the copying or distribution of the infringing illustrations is liable for the infringement. According, not only The Zimmerman Agency,

Owen, Wickersham & Erickson, P.C.
*Intellectual Property Law Since 1933*

The Zimmerman Agency
January 11, 2010
Page -3-

but also the artist you hired to imitate Frazier's illustrations, and Aflac, are liable for these infringements.

I'm sure you can appreciate my client's dismay at the ethics of your actions. He collaborated with you in good faith, and when you canceled the collaboration, he took your word in good faith that the Aflac campaign would take a direction entirely different from his presentation illustrations. You never represented to him, nor would he have agreed, that he was developing a stylistic direction that may be executed by another artist.

Mr. Frazier takes your multiple infringements of his rights very seriously. He is hopeful that this situation can be resolved amicably and privately, without having to disrupt the ongoing campaign. To that end, we trust that you will recognize your ethical and legal obligation to redress this situation with appropriate actions and amount of compensation for Mr. Frazier. In order to assess the amount of damages, we require that you provide us with the following:

1.  Full disclosure of all plans for the Aflac campaign or expansions thereof, including the past (initial release), current, and future scope of the project both in terms of the materials to be produced and the media and geographic markets for their distribution.

2.  Identify the artist who created the imitation 'shadowed' illustrations for the Aflac campaign. Provide copies of the agreement under which the imitation illustrations were procured, including fees paid, plus any and all subsequent contracts or extended licensing agreements for existing or new illustrations for the Aflac campaign, and all communications containing art direction for the artist or internally within Zimmerman, including visual references.

3.  Copies of the agreement(s) between Zimmerman and Aflac, and any other third parties, for development of the Aflac campaign, including all fees paid to date and future fees, with an explicit breakdown of fees paid for comps and illustrations.

4.  Copies of all work product related to the Aflac campaign (collateral and advertising), including comps, sketches, layouts, correspondence, marketing plans, etc.

We will need your complete compliance with the above no later than the end of business day on Wednesday, January 13. This letter is written without prejudice to our client's rights, all of which are expressly reserved. Thank you.

Sincerely,

OWEN, WICKERSHAM & ERICKSON, P.C.

Our Ref. CRAFR.90001
LJK/
cc: Craig Frazier Studio

S:\1 Clients\crafr\Aflac\1cd.wpd

By

Linda Joy Kattwinkel

# Exhibit 10

Frazier / Zimmerman illustration comparisons

  

Frazier

---



Zimmerman



Frazier



Zimmerman

# Exhibit 11

Frazier's U.S. Copyright registrations

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

# VAu 1-008-885

**Effective date of registration:**

September 14, 2009

## Title

**Title of Work:** Unpublished 9/11/09

**Nature of Work:** Illustrations

## Completion/Publication

**Year of Completion:** 2009

## Author

■ **Author:** Craig Frazier

**Author Created:** 2-Dimensional artwork

**Work made for hire:** No

**Citizen of:** United States

**Year Born:** 1955

**Anonymous:** No     **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Craig Frazier

90 Throckmorton Ave., Suite 28, Mill Valley, CA 94941

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** Craig B. Frazier

**Date:** September 11, 2009

Page 1 of 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**VAu 1-008-998**

**Effective date of registration:**

October 22, 2009

## Title

**Title of Work:** unpublished 10/21/09

**Contents Titles:** Duck 11 revised

Duck 12 revised

Drawords 128

Plaid dogs

## Completion/Publication

**Year of Completion:** 2009

## Author

**Author:** Craig B. Frazier

**Author Created:** 2-dimensional artwork

**Citizen of:** United States

**Year Born:** 1955

## Copyright claimant

**Copyright Claimant:** Craig B. Frazier

90 Throckmorton Ave., Suite 28, Mill Valley, CA 94941, United States

## Rights and Permissions

**Name:** Craig B. Frazier

**Email:** studio@craigfrazier.com          **Telephone:** 415-389-1475

**Address:** 90 Throckmorton Ave., Suite 28

Mill Valley, CA 94941  United States

## Certification

**Name:**  Craig B. Frazier

**Date:**  October 21, 2009

**Applicant's Tracking Number:**  Batch 98 co

**Correspondence:**  Yes